## Vislosky v. Ziegler

*Love & Wilkinson,* for plaintiff.
*Litke & Gettig,* for defendant.

CAMPBELL, P. J., June 9, 1966.—Plaintiff seeks recovery for injuries to his neck and back resulting from an accident which occurred on July 19, 1963. In preparation for trial, defendant discovered that plaintiff suffered similar injuries in an automobile accident approximately four years prior thereto. Defendant directed 17 written interrogatories to plaintiff, pursuant to Pennsylvania Rule of Civil Procedure 4005. Plaintiff filed answers to 14 thereof, but filed a motion to suppress the discovery sought in interrogatories 12, 13 and 14, which read as follows:

"(12) Prior to the accident of July 19, 1963, were you ever involved in one or more automobile accidents in which you suffered any injuries? If so, give the dates of the accidents, the location and county in which they occurred and the names of the operators of any vehicles involved in such accidents.

"(13) If you entered any suit against any operators of vehicles involved in an accident or accidents prior to July 19, 1963, list the names of Plaintiff and Defendant or Defendants, the county in which such suit was instituted, and the number and term of such suit, if the latter is known to you. If there were such suit or suits, indicate whether the same were settled or whether the matter went to trial.

"(14) If as the result of any prior accident or accidents, no suits were begun by you but a settlement for injuries allegedly suffered by you was reached, list the names of any insurance carriers or individuals, or both, with whom such settlements were effectuated and the approximate dates thereof".

Plaintiff seeks to suppress under authority of Pa. R. C. P. 4007 (a), in that the inquiries are not relevant to the subject matter.

It is certainly relevant for a defendant to know whether or not a plaintiff is complaining of injuries to parts of his body which have previously been injured

and whether or not plaintiff was suffering from a preexisting condition: Yankovich v. Dicks, 14 D. & C. 2d 53. We also believe that the manner and circumstances under which plaintiff received prior injuries involving any part or function of the body involved in this suit is likewise relevant. A similar situation would prevail as to whether or not plaintiff's injuries resulting from the prior accident were permanent in nature.

We do believe that the scope of defendant's interrogatories is too broad. They should be limited to prior injuries involving any part or function of the body claimed in this suit to have been injured: Wyman v. Cohen, 9 D. & C. 2d 177. As so restricted, we will dismiss plaintiff's motion for suppression as to interrogatories 12 and 13 and order plaintiff to file answers thereto.

The details of private or insurance settlement which may have followed the prior accident have no relevancy in the instant litigation and shed no light on plaintiff's physical condition. We, therefore, sustain plaintiff's motion to suppress defendant's fourteenth interrogatory. It need not be answered by plaintiff.

We have reviewed all of the interrogatories and are of the opinion that plaintiff has and will have given to defendant all of the necessary information concerning any previous injuries which he may have sustained, as well as the names and addresses of the doctors who treated plaintiff at the time in question.

We would agree that there is no duty to furnish information purely for impeachment purposes, but where the information is necessary to determine the extent of a preexisting condition, it is relevant, even though some secured information may be used for impeachment purposes.

### ORDER

And now, to wit, June 9, 1966, plaintiff's motion to suppress with respect to interrogatories 12 and 13, as

modified, is refused, and as to interrogatory 14 is sustained.